MARCUS, Justice
(dissenting).
I disagree with the majority’s conclusion that the evidence seized from defendant’s apartment should be suppressed. I believe the warrantless search fell under the “hot pursuit” exception of Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). The police knew that defendant was armed, that he had fired at a police officer and fled the scene. A short time later, they were told he had entered an apartment and was not seen leaving. Under these circumstances, “[t]he Fourth Amendment does not require police officers to delay the course of an investigation if to do so would gravely endanger their lives or the lives of others.” Hayden, supra.
Furthermore, even if the trial court erred in admitting the gun into evidence, I believe the error was harmless. Even without the introduction of the gun, there was substantial evidence showing defendant fired at Officer Beckemeyer. Defendant’s *989 conviction did not hinge on the introduction of the gun.
Accordingly, I respectfully dissent.